UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICLAUS RADU BOGDAN, | CASE NO. 1:18 CV 2577 |
| Petitioner, | |
| | CHIEF JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| THE UNITED STATES OF AMERICA, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

Petitioner Miclaus Bogdan, a prisoner in pretrial detention in the Cuyahoga County Jail in Cleveland, Ohio, has filed in this Court a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1) He claims a lack of access to recreational activities and church services at the jail has violated his Eighth Amendment rights and seeks sixty-five million dollars as relief. (*Id*. at 6-7.) Petitioner requests to proceed *in forma pauperis* (Doc. 1-1), which is granted. For the following reasons, the petition is dismissed.

District courts are authorized to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). District courts may summarily dismiss a habeas petition, however, if it appears on its face that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

*Pro se* habeas petitions are "held to a less stringent standard than those prepared by an attorney." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Telo*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972)). And its allegations must be construed in the petitioner's favor. *Id*. Nonetheless, petitions may be summarily dismissed if they raise "legally frivolous claims" or contain factual allegations that are "palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Habeas corpus and civil rights actions under 42 U.S.C. § 1983 are the two main vehicles federal law provides for relief related to imprisonment. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). Generally speaking, habeas corpus petitions challenge the validity of confinement or the particulars affecting its duration, while § 1983 actions challenge the circumstances of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Here, Petitioner challenges the circumstances of his confinement at the Cuyahoga County Jail – namely, his access to recreational activities and church services. His claims, therefore, do not properly sound in habeas, and his petition must be dismissed as meritless.

Accordingly, Petitioner's petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2243 and Habeas Corpus Rule 4. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

Dated: 11/26/18

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge